## LAW ENFORCEMENT OFFICERS

SPECIAL POLICE OFFICERS – INVESTIGATORY AUTHORITY –
    FILING OF CHARGES

November 8, 1995

*The Honorable Mary Louise Preis*
*House of Delegates*

You have requested our opinion concerning the authority of special police officers to conduct criminal investigations, collect evidence, and file an application for a statement of charges. You have also asked us to discuss the procedure involved in an application for a statement of charges.

Our opinion is as follows: A special police officer may conduct criminal investigations and collect evidence relating to crimes that affect the property covered by the officer's commission. In addition, a special police officer may file an application for a statement of charges by affidavit without having to appear before a judicial officer.[1]

## I

### Investigational Authority of Special Police Officers

In 1880, the first law was enacted authorizing the Governor to issue commissions to special policemen to protect specified property.[2] This law, Chapter 460 of the Laws of Maryland 1880, gave to these special policemen "all the authority and powers held

---

[1] This opinion modifies earlier advice of counsel, to the extent that the earlier advice suggested that no affidavit was necessary. However, as explained in Part II below, a special police officer may file an application without appearing before a judicial officer to sign the affidavit.

[2] The 1880 law applied only to railroad, steamboat, canal, furnace, colliery, and rolling mill companies. It was extended to all corporations by Chapter 217 of the Laws of Maryland 1918.

and exercised by constables at common law and under the statutes of this State, and also all the authority and powers conferred by law on policemen in the city of Baltimore."

The Court of Appeals read this law to give these officers all of the powers of regular police officers and to render them public officers while exercising those powers. *The Tolchester Beach Imp. Co. v. Steirmeier*, 72 Md. 313, 20 A. 188 (1890). *See also* 22 *Opinions of the Attorney General* 470 (1937). The law was also interpreted by the Attorney General to permit exercise of these powers outside of the property for which the commission was issued, so long as the action taken related to that property. 45 *Opinions of the Attorney General* 180 (1960); 26 *Opinions of the Attorney General* 286 (1941); 20 *Opinions of the Attorney General* 367 (1935).

In 1969, the General Assembly rewrote the law and combined it with the existing law on special police officers for government property. Chapter 581, Laws of Maryland 1969. This law set out the powers of special police officers in greater detail, ratifying the expansive gloss that had been placed upon it by the Court of Appeals and opinions of this office. *See Gray v. State*, 38 Md. App. 343, 352-53, 380 A.2d 1071 (1977), *cert. denied* 282 Md. 732 (1978).

Current law is essentially the same as that enacted in 1969.[3] Article 41, §4-905 of the Maryland Code provides as follows:

> Each person appointed under this subtitle as a special policeman is charged with the protection and preservation of peace and good order on the property described in the application for the Commission. He has the power to arrest persons who trespass or commit offenses thereon. He has, and may exercise, the powers of a police officer upon the property described in the application for

---

[3] Legislation passed in 1974 and 1975 limited the power of arrest to "a special policeman with a probationary or permanent appointment as a security officer or a member of any industrial police force who holds a special police commission, and has completed the basic training course for police officers as established by the Police Training Commission ...," but did not limit the exercise of other powers.

the commission and may exercise these powers in any county or city of the State in connection with the care, custody, and protection of other property of the requesting authority or other property, real or personal, for which it has assumed an obligation to maintain or protect.

The power to arrest necessarily implies the power to determine who ought to be arrested for a particular offense. Thus, this statute clearly provides authority for a special police officer to investigate any offense that relates to the property described in the application for a commission, and, as part of that investigation, to gather evidence. Furthermore, so long as the offense involves that property, the investigation may involve areas outside the property.

## II

## Application for Statement of Charges

### A. *Special Police Officer As "Peace Officer"*

Maryland Rule 4-211(b) governs the filing of a statement of charges. It provides as follows:

> (1) Except as otherwise provided by statute, a judicial officer may file a statement of charges in the District Court against a defendant who has not been arrested for that offense upon written application containing an affidavit showing probable cause that the defendant committed the offense charged. If not executed by a peace officer, the affidavit shall be made and signed before a judicial officer.

> (2) When a defendant is arrested without a warrant, the officer who has custody of the defendant shall forthwith cause a statement of charges to be filed against the defendant in the District Court. At the same time or as soon thereafter as is practicable, the officer shall file an affidavit containing facts showing

probable cause that the defendant committed
the offense charged.

In *Huger v. State*, 285 Md. 347, 402 A.2d 880 (1979), the
Court of Appeals considered whether a special police officer was a
"peace officer," within the meaning of this rule for purposes of the
filing of a statement of charges after a suspect has been arrested.
The Court noted that the rules did not define the term "peace officer"
but that the commonly understood meaning is "a person charged
with the duty to enforce and preserve the public peace." *Huger*, 285
Md. at 352 (quoting *Black's Law Dictionary* (4th ed.1968)). The
Court concluded that a special police officer is a "peace officer":

> According to [*Black's Law Dictionary*],
> "public peace" is "[t]he peace or tranquility of
> the community in general; the good order and
> repose of the people composing a state ...." A
> "police force" is "[a] body of persons trained
> in methods of law enforcement and crime
> prevention and detection, and given authority
> to maintain the peace, safety, and order of the
> community," that is, to enforce and preserve
> the public peace.... A "policeman" or "police
> officer" is "[a] member of a police force." *Id*.
> Therefore, a policeman is a peace officer.
> Since a special policeman may exercise to the
> full the powers of a police officer in the
> circumstances here, he also is a peace officer.

*Id*. (Citation omitted).

The Court's conclusion that a special police officer is a peace
officer for purposes of Maryland Rule 4-211(b)(2) is equally
applicable to Maryland Rule 4-211(b)(1).[4] Therefore, a special
police officer may file an application for a statement of charges
without being required to appear before a judicial officer.

---

[4] At the time *Huger* was decided, the rule in effect was Maryland
District Rule 720a and b. The substance of the rule has not changed.

## B.    *Procedure*

Two separate procedures are applicable:  one where an arrest has already been made, and one where no arrest has been made.

An officer who has arrested a defendant without a warrant completes a statement of charges (form DC/CR 2) and submits it to the Commissioner for filing; the Commissioner simply initials it. The officer also completes and files the "affidavit containing facts showing probable cause that the defendant committed the offense charged" (form DC/CR 4).

Rule 4-211(b)(2) provides that the affidavit is to be filed with the statement of charges or as soon thereafter as practicable.  In practice, it is submitted when the statement of charges and the defendant are presented to the Commissioner.  The Commissioner then proceeds with the initial appearance under Rule 4-213, including a pretrial release determination under Rule 4-216.  If the Commissioner determines that the defendant should not be released on personal recognizance and the defendant is unable to post bond, the arresting officer remains responsible to complete the processing of the defendant, including delivery to the place of detention.[5]

If an arrest has not been made, the officer, including a special police officer, completes an "Application for Statement of Charges" (form DC/CR 1).  Because a peace officer is the applicant/affiant, the form may be completed and signed outside the presence of the Commissioner.  On receipt and review of the application, the Commissioner determines whether there is probable cause to believe that the defendant has committed a crime.  If so, the Commissioner completes and files a statement of charges (form DC/CR 3).  The Commissioner then determines whether a summons or warrant should be issued.

---

[5] It is our understanding that some special police officers who have placed a defendant under arrest have attempted to apply for a statement of charges, rather than causing a statement of charges to be filed.  The special police officers want the local police to come and arrest the defendant and take over the processing.  This alternative is not available under the rules; hence, the Commissioners have refused to accept an application for statement of charges when the defendant already is under arrest.

## III

## Conclusion

In summary, it is our opinion that a special police officer may (i) conduct criminal investigations and collect evidence relating to crimes that affect the property covered by the officer's commission and (ii) file an application for charges without having to appear before a judicial officer.

J. Joseph Curran, Jr.
*Attorney General*

Kathryn M. Rowe
*Assistant Attorney General*

Jack Schwartz
*Chief Counsel*
*Opinions & Advice*